# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BLACKSTONE CONSULTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-17-1118-HE |
| | ) | |
| R&R FOOD SERVICES, L.L.C., and | ) | |
| ROBERT L. BROWN, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This suit involves a contract dispute between Plaintiff Blackstone Consulting Incorporated ("BCI") and Defendants R&R Food Services, L.L.C. ("R&R") and Robert Brown. Brown is a licensed blind vendor who operated a food service contract at a military installation at Fort Sill under the Randolph-Shepherd Act. BCI contracted with Brown as a "teaming partner" to carry out that food service contract. The claims in the suit arise from the "teaming partner" contract between BCI, R&R, and Brown. Due to the litigation, the final proceeds from the food service contract were placed in an escrow account until the resolution of this suit.

Cantu Services Incorporated ("Cantu") seeks to intervene in this case. Cantu was a teaming partner of the licensed blind vendor that operated the Fort Sill food service contract before Brown. When Brown took over as the licensed vendor, Cantu claimed that he was obligated to keep Cantu as the teaming partner. To avoid that result, Brown terminated Cantu for cause and partnered with BCI instead. This move spurred significant litigation

and eventually arbitration.  The arbitration panel held that Brown wrongfully terminated the relationship, and awarded Cantu over $5 million in damages.

Cantu seeks to intervene to protect its interest in recovering from Brown.  It argues that it is entitled to intervene as a matter of right under Fed.R.Civ.P. 24(a), and alternatively seeks permissive intervention under Fed.R.Civ.P. 24(b)(1).

Non-parties may intervene in an action as a matter of right if:

> (1) the application is timely; (2) the applicant[s] claim[ ] an interest relating to the property or transaction which is the subject of the action; (3) the applicant[s'] interest may as a practical matter be impaired or impeded; and (4) the applicant[s'] interest is [not] adequately represented by existing parties.

W. Energy Alliance v. Zinke, ___F.3d. ____, 2017 WL 6419028 at *4 (10th Cir. Dec. 18, 2017) (quoting United States v. Albert Inv. Co., 585 F.3d 1386, 1391 (10th Cir. 2009)).  It appears that the parties are not contesting the timeliness of the motion, therefore only the last three elements are at issue.  In resolving this motion, the court considers the Tenth Circuit's historically "'liberal' approach to intervention" which "favors the granting of motions to intervene." *Id*.

Cantu claims a direct interest to a portion of the funds that are currently held in escrow and that are the subject of this suit.  Cantu's claim goes to the portion of those funds that may eventually be determined to belong to Brown.  Cantu argues that because of the arbitration award against Brown, any funds that Brown is entitled to under this suit would be subject to garnishment by Cantu.  Cantu also claims that to avoid this result, Brown has arranged for R&R to be named a joint owner of the escrow account with BCI, excluding

2

Brown and therefore shielding the funds from garnishment. Cantu alleges that this is an attempt to fraudulently transfer the funds to frustrate the arbitration award. For those reasons, Cantu argues that it has an interest in this litigation.

BCI, R&R, and Brown all object to Cantu's intervention, arguing that since the arbitration award is not yet confirmed, Cantu does not currently have a protected interest.[1] But while the parties cite several cases discussing how an unconfirmed arbitration award is unenforceable, the parties provide no authority, nor has the court found any, that would preclude an unconfirmed award from being an interest that would justify an intervention. The parties may well be correct that the court cannot permit Cantu to garnish the funds in the escrow account before the award is confirmed, but that does not mean it does not have an interest sufficient to seek freezing the funds until the collateral matters are resolved.[2] Considering the liberal standard applicable here, the court concludes Cantu has met its burden of showing an interest that would justify intervention as a matter of right.

BCI also argues that Cantu's interest will not be impaired or impeded, and that an existing party can adequately represent its interests. BCI claims that because the contract proceeds are in an escrow account, the funds are safeguarded. This argument fails to consider Cantu's argument that the funds in escrow could be funneled to R&R rather than Brown personally, impeding Cantu's right to pursue collection of those funds. It is the

---

[1] *An action to confirm the award is currently pending in another case in this district. See* <u>Cantu Servs. V. Brown</u>, *No. CIV-2015-1210-W.*

[2] *This is especially true considering Cantu's reliance on the Oklahoma Fraudulent Transfer Act, which allows a creditor to pursue an action against a debtor even if the creditor's claim is contingent or not yet reduced to judgment. See 24 OKLA. STAT. §§ 113(3)(4), 119(A).*

3

designation of the funds within the escrow account that potentially disadvantages Cantu. Again, whether Cantu is eventually successful is not determinative at this stage. What matters is whether Cantu's interest could be impeded or impaired by allowing the litigation to continue without it. Cantu has plausibly shown that it could. Its motion to intervene [Doc. #14] is therefore **GRANTED**.

    **IT IS SO ORDERED.**

Dated this 24th day of January, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE