# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BLACKSTONE CONSULTING, INC., )
)
        Plaintiff, )
)
v. ) NO. CIV-17-1118-HE
)
R&R FOOD SERVICES, L.L.C., and )
ROBERT L. BROWN, JR., )
)
        Defendants. )

## **ORDER**

Intervenor Cantu Services Inc. has moved for partial summary judgment on its claims against defendant Robert L. Brown Jr. Defendant Brown, now proceeding *pro se* after his prior counsel withdrew, has belatedly filed a response to the motion. The court concludes the motion should be granted in part and denied in part.

This case initially involved only a dispute between plaintiff Blackstone Consulting Incorporated ("BCI") and defendants R&R Food Services L.L.C. ("R&R") and Robert Brown arising out of the contract between them—the Blind Licensed Manager Support Agreement. Those parties disputed who was entitled to approximately $3,300,000 in payments from the Oklahoma Department of Rehabilitative Services ("ODRS") pursuant to a food services contract for Fort Sill. Those funds, together with accruing interest, are now held in escrow. The question of who is entitled to what portion of those contract proceeds, as between BCI and R&R/Brown, remains unresolved at this point.

Cantu was permitted to intervene in this case to protect its position relative to its claims against Brown. Those claims arose out Cantu's role as teaming partner to the prior

blind vendor and Brown, which resulted in Cantu receiving an as-yet unconfirmed arbitration award against Brown in the amount of $5,000,000. Cantu maintains that any portion of the escrowed funds to which R&R/Brown may ultimately be entitled were initially the funds of Brown, rather than the funds of R&R as a separate entity. Thus Cantu claims that R&R's interest in the funds was transferred to R&R by Brown. Due to the background circumstances and Brown's alleged purpose of putting the funds out of reach of Cantu or perhaps of his creditors generally, Cantu asserts the transfer was fraudulent. Against this backdrop, Cantu seeks to establish by its summary judgment motion (1) that Brown (not R&R) was the "blind licensed manager" entitled to receive the contract proceeds, (2) that any rights R&R has in the escrowed funds are the result of a "transfer," as R&R was not the licensee entitled to receive them in the first instance, and (3) that, under the circumstances existing here, the "transfer" from Brown to R&R was fraudulent within the meaning of the Oklahoma Fraudulent Transfer Act, designed to put the contract proceeds out of reach of Brown's creditors such as Cantu.

As noted above, Brown is presently proceeding *pro se*, and the court is hesitant to resolve issues such as those involved here without counsel on all sides.[1] Further, the response he has filed, while more or less addressing some of the issues involved, does not address all of them and is deficient in various respects as a matter of summary judgment

---

[1] *The Randolph-Shepherd Act is a unique law in many respects, involving relatively unusual relationships between the federal government, state entities, the "blind licensed manager", and the "teaming partners" involved in the performance of the contract. There are various regulations which have been issued to implement the law and which add to the potential complexity of disputes arising under the Act.*

response. *See generally,* Fed.R.Civ.P. 56(c)(1) and L.Cv.R. 56.1(c). However, and recognizing that the court's role is not to act as advocate for a *pro se* litigant, the court concludes as follows:

1. The right to receive payments pursuant to contracts under the Randolph-Sheppard Act belongs to the "blind person" which the relevant state agency (in this case ODRS) has licensed and with whom the federal entity has contracted. *See* 20 U.S.C. § 107. The act defines "blind person" as a "person whose central visual acuity does not exceed 20/200 in the better eye with correcting lenses or whose visual acuity, if better than 20/200, is accompanied by a limit to the field of vision in the better eye to such a degree that its widest diameter subtends an angle of no greater than twenty degrees." The relevant regulations support this definition. *See* 34 C.F.R. § 395.1(b)-(c). These statutes and regulations make clear that a "blind person" under the Randolph-Sheppard Act must be an individual, not a business entity.[2] The court therefore concludes, in light of these legal standards and the undisputed facts, that defendant Brown is the "blind person" essential to the operation of the Act and the various contracts in this context.

2. Because R&R does not itself qualify as a "blind person", and hence would not be entitled to receive the proceeds of the Fort Sill contract absent Brown's role, any interest of R&R in the contract proceeds was the result of a transfer from Brown to R&R.

3. Whether the transfer from Brown to R&R is "fraudulent" within the meaning of the Oklahoma Fraudulent Transfer Act ("OFTA") 24 OKLA. STAT. § 112 *et seq.* is a

---

[2] Oklahoma's licensing scheme for blind vendors appears consistent with this approach. *See* OKLA. ADMIN. CODE § 612:25-2-5.

3

question not ordinarily appropriate for summary disposition. *See* In re Canyon Sys. Corp., 343 B.R. 615, 636 (Bankr. S.D. Ohio 2006). Determining a debtor's intent is a fact-specific inquiry involving inferences from circumstantial evidence, and does not readily fit the summary judgment process. *See* Osherow v. Porras (In re Porras), 312 B.R. 81, 105 (Bankr. W.D. Tex. 2004) (denying summary judgment on trustee's fraudulent transfer claim, noting that "court is reluctant to find intent to hinder, delay or defraud as a matter of law"); IDS Holding Co. v. Madsen (In re IDS Holding Co.), 292 B.R. 233, 236–37 (Bankr. D. Conn. 2003) (denying summary judgment on § 548(a)(1)(A) claim because "[s]ummary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective determinations play dominant roles" (citation and internal quotation marks omitted)); Novak v. Blonder (In re Blonder), 246 B.R. 147, 151 (Bankr. D. Conn. 2000) ("[A] determination as to whether property was transferred with actual intent to hinder ... creditors involves issues of intent and credibility that were inappropriate for summary judgment...." (internal quotation marks omitted)).

Cantu has produced substantial evidence supporting its contention that Brown was seeking to insulate himself from Cantu's claims and that various "badges of fraud" are present here as to the transfer(s) to R&R. But the court cannot say the evidence is sufficient to conclude the necessary intent as a matter of undisputed fact. Summary judgment is therefore not appropriate as to the question of whether any transfer was fraudulent.

For these reasons, the court concludes as a matter of law that Brown was the blind licensed manager under the food service contract and that any interest of R&R in the contract proceeds was dependent on Brown's role and the result of a transfer from Brown.

Whether any such transfer was fraudulent within the meaning of the applicable statutes remains for resolution. Cantu's motion for partial summary judgment [Doc.# 57] is therefore **GRANTED IN PART AND DENIED IN PART**, as indicated.

    **IT IS SO ORDERED.**

    Dated this 21st day of December, 2018.

                                                 JOE HEATON
                                                 CHIEF U.S. DISTRICT JUDGE